### PASSENGER INJURED WHILE ON RUNNING BOARD.

Common Pleas Court of Hamilton County.

JAMES MARTIN v. THE CINCINNATI TRACTION CO.

Decided, January, 1911.

*Negligence—Street Railways—Projecting Objects on Street for Which the Company is not Liable where Passengers are Injured by Being Struck Thereby.*

A passenger on a summer car who steps out upon the running board when no necessity exists therefor and without the knowledge of the conductor or motorman, and is struck and injured by some object on a passing wagon, has no cause of action against the street railway company.

*J. W. Cowell,* for motion.
*Rufus B. Smith,* contra.

HUNT, J.

Plaintiff was a passenger on one of defendant's open summer cars on June 5, 1909, between ten and eleven o'clock A. M. When he boarded the car he deposited a tool box on the rear platform and took a seat near the middle of the car. Seats run across the car and there is a running board along the right side, used by

passengers in getting on and off and in getting from one seat to another when necessary and convenient, and as a place to stand when the car is crowded. The seats of the car were at that time not more than one-half occupied. One passenger was standing on the rear platform with the conductor. The plaintiff did not know exactly the location of his destination, and when he approached what he supposed was the place, he left his seat and started back on the running board for the purpose of getting his tool box, and asking a question of the conductor. He could have asked the question from where he was seated. The car was running at a rapid rate of speed and the plaintiff gave no signal to stop. Before leaving his seat he looked ahead through the open car as best he could and saw nothing, but he did not look ahead afterwards. Just as he stepped on the running board and turned toward the rear, he was struck by some article which projected from the upper part of an oil wagon, temporarily at a stand-still next or near the curb. The curb was 7 feet 10 inches from the street car track, but this space was sufficient for the car itself to pass safely. The passenger was in no danger from the wagon while in the car. There is no evidence that the conductor or motorman saw this movement of the passenger, nor that either was doing anything interfering with the performance of his duties. There was an instructed verdict for the defendant, and a motion for a new trial by the plaintiff.

This case should be distinguished from cases where the street car company itself maintains structures, or operates any apparatus so near the track as to be dangerous to the passengers on the running board, or operates its cars so near either temporary or permanent structures as to be dangerous to passengers on the running board under circumstances under which the company, through its employes, either knew or should have known that passengers would be probably on such running board.

In this case there was no necessity whatever for the plaintiff to be on the running board, nor can it be said that he was there by any permission expressed or implied, of the company, nor with their knowledge, actual or constructive.

The plaintiff and not the defendant was guilty of negligence. The motion for a new trial is therefore overruled.